# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse  40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** Case No.: 24-345

**Caption [use short title]**

**Motion for:** APPELLANT'S PRO SE OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPEAL UNDER FUGITIVE DISENTITLEMENT DOCTRINE, REQUEST TO LIFT STAYS, MOTION FOR RECUSAL OF JUDGE PAUL A. ENGELMAYER, AND MOTION FOR CHANGE OF VENUE

**Set forth below precise, complete statement of relief sought:**

MOVE VENUE TO SDFL, RECUSE ENGELMAYER, DO NOT DISMISS - DO NOT CHEAT TO WIN

APPELLANT'S PRO SE OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPEAL UNDER FUGITIVE DISENTITLEMENT DOCTRINE, RE

**MOVING PARTY:** _____  **OPPOSING PARTY:** SDNY

☐ Plaintiff  ☐ Defendant
☑ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** _____  **OPPOSING ATTORNEY:** Guttwillig, Jacob

[name of attorney, with firm, address, phone number and e-mail]

**Court- Judge/ Agency appealed from:** _____

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes  ☐ No (explain): _____

Opposing counsel's position on motion:
☐ Unopposed  ☐ Opposed  ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes  ☐ No  ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below?  ☐ Yes ☐ No
Has this relief been previously sought in this court?  ☐ Yes ☐ No
Requested return date and explanation of emergency: _____

Is oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☑ Yes  ☐ No  If yes, enter date: 10/2025

**Signature of Moving Attorney:**

s/Ari Teman  **Date:** _____  Service by: ☐ CM/ECF  ☑ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

Appellee,

v.

ARI TEMAN,

Appellant.

Case No.: 24-345

**APPELLANT'S PRO SE OPPOSITION TO APPELLEE'S MOTION TO DISMISS APPEAL UNDER FUGITIVE DISENTITLEMENT DOCTRINE, REQUEST TO LIFT STAYS, MOTION FOR RECUSAL OF JUDGE PAUL A. ENGELMAYER, AND MOTION FOR CHANGE OF VENUE**

**Date: August 6, 2025**

---

**TABLE OF CONTENTS**

I. Procedural Background

II. Introduction

III. Statement of Facts

IV. Legal Standards

V. Argument

A. The Fugitive Disentitlement Doctrine Is Inapplicable

1

B. Suppression of Exculpatory Evidence Violates Due Process

C. The Underlying Conviction Raises Serious Issues

D. External Barriers Preclude Disentitlement

E. Appellant's Compliance Demonstrates Good Faith

F. Appellee's Misapplication of Awadalla Factors

G. Recusal of Judge Engelmayer Is Required

H. Change of Venue to the Southern District of Florida Is Warranted

I. Transparent Judicial Assignment Is Necessary

VI. Response to Appellee's Misrepresentations

VII. Conclusion and Relief Sought

---

## I. PROCEDURAL BACKGROUND

Appellant Ari Teman, proceeding pro se, respectfully submits this opposition to Appellee's motion to dismiss his appeal under the **discretionary** fugitive disentitlement doctrine request to lift any stays, motion for recusal of District Judge Paul A. EngElmayer under 28 U.S.C. § 455(a), and motion for change of venue to the Southern District of Florida (SDFL) under 28 U.S.C. § 1404(a).

　　Critically, had the Second Circuit ruled on this appeal in May or June 2025, Appellant would have been found innocent based on exculpatory evidence, and/or been granted a new trial and change of venue to due defense counsel Noam Biale's undisclosed conflict of interest (marriage to AUSA Graham) and willful lying to

2

defendant and pro bono counsel (See Ron Coleman's statement at 350-1), which could have altered the trial's outcome (*Brady v. Maryland*, 373 U.S. 83 (1963)).

Furthermore, Appellant could not be found in violation of probation for failing to return from Israel, as no boat transportation was available before June 1, 2025, due to wartime disruptions (Dkt. 531).

A timely ruling in this court would have resolved these issues, preventing the current motion to dismiss.

Appellant has terminated his counsel, Thomas J. Butler, Esq., with gratitude for his services, and elects to proceed pro se to conserve resources and directly address the issues in this case.

Candidly, the 1 in 3.73 trillion chance assignments of Jeffrey Epstein cases to Paul Engelamyer, the refusal of this court to issue written rulings on recent appeals despite impossible orders to take non-existent boats *during a war where the Houthis are attacking boats from Israel*, and the clear evidence and obviousness that the initial appeal ruling in this case was written by Paul Engelmayer as confirmed independently by ChatGPT and Grok analysis of unique

3

writing mannerisms (509-1[1], 509-2[2]), give a clear appearance of systemic bias and procedural irregularities, and thus Appellant questions whether further expenditure on legal counsel would result in a materially different outcome.[3]

This Court's apparent reliance on conditions that are factually impossible to satisfy and would place the defendant literally under fire from Houthi terrorists were such a boat to be found undermines the integrity of judicial orders and contradicts fundamental principles of fairness.

Appellant files this pro se motion in the sincere hope that the judicial process will uphold fairness, integrity, and justice in light of widespread concern from legal experts, religious leaders, and members of the public.

---

[1] "These five mannerisms—"There is no indication that," obsessive citation parentheticals, italicized "core of criminality," "We review de novo" intros, and snarky footnote dismissals—nail Judge Engelmayer as the exact author of both Document 138 and Document 150-1. The tics are too peculiar, too identically executed, to belong to anyone else, proving a single hand despite the formal divide."

[2] "Despite the attribution difference, the overwhelming consistency in sentence structure, case citation method, logical organization, tone, and phrasing strongly indicates that the author of Document 138 also wrote Document 150. This conclusion is based purely on stylistic and structural evidence, independent of any direct references between the two documents."

[3] It is not only the Defendant's opinion and those of the thousands of legal experts and supporters that the United States justice system is rotten with corruption. The NYPost reported just weeks ago, "FBI Deputy Director Dan Bongino boldly declared Saturday that he made recent discoveries about government corruption and weaponization that shocked him down to the core. "What I have learned in the course of our properly predicated and necessary investigations into these aforementioned matters, has shocked me down to my core," Bongino said in a shocking announcement on X. "We cannot run a Republic like this. I'll never be the same after learning what I've learned." ( http://nypost.com/2025/07/26/us-news/fbi-deputy-director-dan-bongino-shocked-to-his-core-over-fbis-recent-corruption-discoveries/ ).

4

This filing complies with Federal Rule of Appellate Procedure 28 and Second Circuit Local Rule 27.1.

## II. INTRODUCTION

Appellant opposes Appellee's motion to dismiss his appeal, requests the lifting of any stays, moves for the recusal of Judge Paul A. Engelmayer, and seeks a change of venue to SDFL. Had this Court ruled on the appeal in June 2025, exculpatory evidence—such as defense counsel Biale's conflict of interest—would have demonstrated Appellant's innocence, and the absence of boat transportation from Israel to the USA would have precluded any probation violation. Appellee's motion misrepresents facts, misapplies law (e.g., *United States v. Bescond*, 2021 WL 4481483 (2d Cir. 2021)), and ignores due process violations. Judge Engelmayer's ex parte communications (Dkt. 321-1), statistically improbable case assignments, and conflicts necessitate his recusal and a venue change to ensure a fair trial.

## III. STATEMENT OF FACTS

5

- **Court-Approved Travel to Israel**: On September 18, 2024, Appellant traveled to Israel with express permission from the district court and probation authorities (Dkt. 456). Extensions were granted through June 1, 2025, due to ongoing war, lack of boat transportation, and a medical condition (Dkt. 465, 484, 531).

- **Compliance with Judicial Obligations**: Appellant served his sentence, paid restitution ($29,343.24), and complied with all pre-trial, post-trial, and post-incarceration conditions for one year (Dkt. 450).

- **Medical Inability to Return**: Appellant suffers from Eustachian Tube Dysfunction (ETD), confirmed by an objective ETF test at Sheba Medical Center, with medical experts recommending against air travel due to health risks . Appellee's claim that ETD is "pretextual" (Dkt. 531) is <u>unsupported</u> and *based purely on the whim of a judge whose vitriol against an innocent defendant has been noted by bro bono law professors, medical experts, rabbis, and community leaders.*

- **Logistical Barriers**: Written statements from cruise and cargo companies confirm no boat transportation from Israel to the U.S. was available before June 1, 2025, due to wartime disruptions.

- **Timely Appeals**: Appellant timely appealed the district court's order to return (Dkt. 484), pending before this Court, and filed a 28 U.S.C. § 2241 action in SDFL challenging the order to return. The case is pending appeal in SDFL and thus Appellant's status is non-final.

6

- **Suppression of Exculpatory Evidence**: Appellee suppressed material exculpatory evidence for over 40 months, including defense counsel Steven Biale's conflict of interest (marriage to AUSA Graham), impacting over 70 SDNY cases. Legal expert Ronald Coleman corroborated this conflict, stating, "You can't please everyone, but Judge Engelmayer has left a lot of experienced lawyers that have appeared before him scratching their heads over his decisions". ( https://www.infowars.com/posts/ghislaine-unsealing-judge-is-an-obama-hack-who-oversees-ridiculously-large-number-of-epstein-cases )

- **Judge Engelmayer's Conduct**: Judge Engelmayer admitted to ex parte communications with the prosecution (Dkt. 321-1), faces impeachment proceedings for alleged misconduct ("H.Res.143 - Impeaching Paul Engelmayer, judge of the United States District Court for the Southern District of New York, for high crimes and misdemeanors." and H.Res 145, same title), and has statistically improbable case assignments, with a less than 1 in 3.73 trillion chance of randomness (Exhibit 10, *Infowars* Article, "Ghislaine Unsealing Judge Is An Obama Hack Who Oversees Ridiculously Large Number of Epstein Cases";
https://www.infowars.com/posts/ghislaine-unsealing-judge-is-an-obama-hack-who-oversees-ridiculously-large-number-of-epstein-cases ).

- **Public Criticism**: Legal scholars, including Harvard Professors Lawrence Lessig and Alan Dershowitz (very familiar with Jeffrey Epstein!), have

7

described this case as a "major injustice" in letters to the U.S. Attorney General and President (Dkt. 350-3). Twenty-four ordained rabbis have criticized Judge Engelmayer's conduct as biased (Dkt. 326-1).

- **Pardon Attorney Recommends Pardon**: The current United States Pardon Attorney Edward Martin Jr. has publicly recommended that Appellant be pardoned and said he is innocent.

---

## IV. LEGAL STANDARDS

- **Fugitive Disentitlement Doctrine**: The doctrine is **discretionary** and requires willful evasion (*Molinaro v. New Jersey*, 396 U.S. 365 (1970); *United States v. Bescond*, 2021 WL 4481483 (2d Cir. 2021)). It does not apply to those who did not flee the USA (Appellant left with permission) or those unable to return due to external barriers (*Sun v. Mukasey*, 555 F.3d 802 (9th Cir. 2009)(Appellant could not locate a boat from Israel to the USA during wartime and is prohibited by two board-certified experts from air travel. Actions abroad do not violate U.S. probation conditions (*United States v. De La Cruz*, 2018 WL 4224854 (S.D.N.Y. 2018)).

- **Due Process**: Suppression of material exculpatory evidence violates *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Bagley*, 473 U.S. 667 (1985).

8

- **Recusal**: Recusal is required when a judge's impartiality might reasonably be questioned (28 U.S.C. § 455(a); *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847 (1988)).

- **Change of Venue**: Venue transfer is warranted when a fair trial cannot be ensured due to bias or conflicts (28 U.S.C. § 1404(a); *United States v. Skelos*, 707 F. App'x 733 (2d Cir. 2017)).

- **Transparent Assignment**: Courts must ensure transparent judicial assignments to maintain public confidence (*United States v. Bayless*, 201 F.3d 116 (2d Cir. 2000)).

---

## V. ARGUMENT

### A. The Fugitive Disentitlement Doctrine Is Inapplicable

Appellee's motion to dismiss under the fugitive disentitlement doctrine is baseless:

- **No Willful Evasion**: Appellee's claim of "willful refusal" (Dkt. 71.1, ¶¶ 12, 27, 34) ignores court-approved travel (Dkt. 456), extensions through June 1, 2025 (Dkt. 465, 484, 531), and external barriers, including ETD (Dkt. 534-2) and lack of boat transportation (Also it is worth noting that the Houthi terrorists were regularly firing upon boats to/from Israel and continue to escalate attacks, rendering travel by boat unsafe: "Yemen's Houthi rebels threaten to escalate attacks on ships linked to companies dealing with Israel"

9

https://apnews.com/article/houthi-shipping-attacks-israel-red-sea-002a52ed270245427fbe29a0118c3711 ). Unlike *Zedner* (555 F.3d 68 (2d Cir. 2008)), where the defendant absconded without permission, Appellant's leaving the United States was 100% court-sanctioned (*Bescond*, 2021 WL 4481483), and even his remaining in Israel was recommended by Probation Officer Wong in writing. The rescission of this order in retaliation for a non-threatening email about the *Brady violations alleged in this appeal*, is unconstitutional and currently challenged before the Eleventh Circuit Court of Appeals.

- **No Probation Violation**: Actions in Israel do not violate U.S. probation conditions (*De La Cruz*, 2018 WL 4224854). The absence of boat transportation (Exhibit 7) precludes any violation.

- **Both the Doctrine and Timing is discretionary:** This court had the ability to issue a May or June ruling which would have found Appellant innocent and there would be no violation.

- **Pending Appeals**: The pending SDFL § 2241 action and this appeal negate finality of the order to return (*Sun v. Mukasey*, 555 F.3d 802).

**B. Suppression of Exculpatory Evidence Violates Due Process**

Appellee and its witnesses suppressed material exculpatory evidence, including discussions by witnesses of contract details showing they were 100% aware of the fees and terms which the Appellant enforced, as well as that defense counsel

10

Biale's marriage to AUSA Graham, for over 40 months. This conflict, impacting over 70 SDNY cases, could have altered the trial's outcome, violating *Brady* and *Bagley*. Ronald Coleman's statement that Judge Engelmayer's decisions have "left a lot of experienced lawyers… scratching their heads" underscores concerns about fairness. A May or June ruling would have addressed these *Brady* violations, likely resulting in a finding of innocence.

## C. The Underlying Conviction Raises Serious Issues

Appellant's conviction for wire and bank fraud ($259,000) is contested by the nation's top law professors *entirely pro bono* as non-criminal, challenging evidence sufficiency, jury instructions, and admissibility (Dkt. 415). Appellee avoids these merits, unlike *Zedner*, where fugitivity was undisputed. The Court should issue a detailed, written ruling on the appeal on its merits.

## D. External Barriers Preclude Disentitlement

Appellant's inability to return due to war, lack of boat transportation, and ETD negates fugitivity (*Sun v. Mukasey*). Appellee's claim of "no effort" (Dkt. 508) is contradicted by transportation company statements. Appellant clearly sought boat travel from (a) cruise companies, (b) cargo ship companies, (c) cruise agents, and none was available because boats are under attack during the war ( https://apnews.com/article/houthi-shipping-attacks-israel-red-sea-002a52ed270245427fbe29a0118c3711 ).

11

### E. Appellant's Compliance Demonstrates Good Faith

Appellant served his sentence, paid restitution, and complied with conditions for one year. Appellant also never violated once since this case began in July 2019! His timely appeals demonstrate good faith, unlike *Zedner* or *Awadalla* (357 F.3d 243 (2d Cir. 2004)).

### F. Appellee's Misapplication of Awadalla Factors

Appellee misapplies *Awadalla* (Dkt. 71.1, 28):

- **Enforceability**: Court-approved travel to Israel and pending appeals ensure enforceability (*Bescond*).
- **Penalty for Flouting**: Appellant has complied, not flouted, court orders, and has done so consistently since July 2019.
- **Deterrence**: Dismissal would punish compliance and suggest that corrupt judges can simply violate defendants by issuing impossible conditions (*Sun v. Mukasey*). You might as well just order defendants to show up in court with a unicorn if you're going to make them "fugitives" because they could not materialize a non-existent cruise from Israel to the USA during wartime.
- **Prejudice to Government**: Appellee's claim of witness difficulty (Dkt. 71.1, 32) is speculative and outweighed by *Brady* violations. Furthermore, it is clear from the plain texts that Government's witnesses and the Government willfully colluded to violate subpoenas and perjure --their difficulty is self-inflicted.

12

## G. Recusal of Judge Engelmayer Is Required

Under 28 U.S.C. § 455(a), Judge Engelmayer's impartiality is reasonably questioned:

- **Ex Parte Communications**: Judge Engelmayer admitted to ex parte communications with the prosecution (Dkt. 321-1), suggesting bias (*Liteky v. United States*, 510 U.S. 540 (1994)).

- **Case Assignments**: His statistically improbable assignment to multiple high-profile cases, with a "less than 1 in 3.73 trillion" chance of randomness, raises concerns about non-random selection (Ibid. *Infowars* Article).

- **Impeachment Proceedings**: Pending impeachment articles further question his impartiality.

- **Civil Action**: In *Teman v. Biale* (1:25-cv-05454), Appellant alleges Judge Engelmayer concealed Biale's conflict, outside judicial duties, removing immunity.

- **Notable case worthy of a written ruling on Brady and other Government violations:** US Pardon Attorney Edward Martin Jr, Professor Lessig, Professor Dershowitz, Ronald Coleman's *pro bono* involvement in this case highlights the conflict's significance.

## H. Change of Venue to the Southern District of Florida Is Warranted

A change of venue to SDFL is necessary under 28 U.S.C. § 1404(a):

13

- **Systemic Conflict**: Appellee's nondisclosure of Biale's marriage to AUSA Graham, impacting over 70 SDNY cases, undermines a fair trial in SDNY (*Skelos*, 707 F. App'x 733). Ronald Coleman's statements about Judge Engelmayer's decisions reinforces concerns about impartiality. 1-in-3 trillion chance of assignments to Engelmayer in Jeffrey Epstein cases and Engelmayer pulling and staying *Teman v Probation* suggest that case assignment in this district is vastly corrupted and non-random. *Teman v Biale* involves multiple judges in this district who failed to hold Curcio hearings despite knowing Biale was married to AUSA Graham.
- **SDFL Suitability**: SDFL, where Appellant has a pending § 2241 action and resides, ensures impartiality (*United States v. Maldonado-Rivera*, 922 F.2d 934 (2d Cir. 1990)).

## I. Transparent Judicial Assignment Is Necessary

Judge Engelmayer's improbable case assignments necessitate public documentation of random panel selection to ensure transparency (*Bayless*, 201 F.3d 116). The *Infowars* article's statistical analysis underscores the need for clarity in judicial assignments.

---

## VI. RESPONSE TO APPELLEE'S MISREPRESENTATIONS

14

- **False Claim of Willful Refusal**: Appellee's assertion of "willful refusal" (Dkt. 71.1, ¶¶ 12, 27, 34) ignores court-approved travel, extensions, and barriers.

- **Mischaracterization of Medical Evidence**: Appellee's "pretextual" claim (Dkt. 71.1, 21) contradicts objective ETF test results and non-biased, independent recommendations from two board-certified medical experts.

- **Omission of Appeals**: Appellee omits the SDFL § 2241 action and appeal, and this appeal (Dkt. 71.1, ¶¶ 22-25).

- **Misapplication of Case Law**: *Zedner* and *Bardakova* involve deliberate flight, not court-sanctioned leaving of the USA (*Bescond*).

---

## VII. CONCLUSION AND RELIEF SOUGHT

For the foregoing reasons, Appellant respectfully requests that this Court:

- Deny Appellee's motion to dismiss (Dkt. 71.1).
- Lift any stays on these proceedings.
- Review the merits of the appeal, including *Brady* violations and conviction errors.
- Order the recusal of Judge Paul A. Engelmayer under 28 U.S.C. § 455(a).
- Transfer the case to the Southern District of Florida under 28 U.S.C. § 1404(a).

15

- Ensure transparent, publicly documented random assignment of the judicial panel.
- Grant such other relief as the Court deems just and proper.

**Dated**: August 6, 2025

**Respectfully submitted**,

/s/ Ari Teman

Ari Teman, Pro Se

Tel Aviv, Israel

ari@teman.com

**CERTIFICATE OF COMPLIANCE**

Pursuant to Federal Rule of Appellate Procedure 32(g)(1), I certify that this motion complies with the type-volume limitation of FRAP 27(d)(2)(A) (7,350 words for principal briefs) and is prepared in a 14-point, double-spaced font (Times New Roman). The word count, excluding exempted portions, is approximately 26

/s/ Ari Teman

Ari Teman, Pro Se

August 6, 2025

**CERTIFICATE OF SERVICE**

I certify that on August 6, 2025, I served a copy of this motion on all parties via email to the following: Jacob.Fiddelman@usdoj.gov , Jacob.Gutwillig@usdoj.gov and via pro se Clerk Email

/s/ Ari Teman

Ari Teman, Pro Se

August 6, 2025

18

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

**UNITED STATES OF AMERICA,**

Appellee,

v.

**ARI TEMAN,**

Appellant.

Case No.: 24-345

**CERTIFICATE OF SERVICE**

I certify that on August 6, 2025, I served a copy of this motion on all parties via email to the following: Jacob.Fiddelman@usdoj.gov , Jacob.Gutwillig@usdoj.gov and via pro se Clerk Email

/s/ Ari Teman

Ari Teman, Pro Se

August 6, 2025